**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| KEILYN-LORENZ ELLIS, | Case No. 5:25-cv-01245-MEMF-AJR |
|---|---|
| Plaintiff, | |
| v. | **ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
| SHANNON FAHERTY, ET AL., | |
| Defendants. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed Defendants' motions to dismiss, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge.[1] The Court has considered Plaintiff's March 12, 2026, Objections and conducted a *de novo* review of those portions of the Report and Recommendation to which Plaintiff objected.

## I.    Discussion

In this action, Plaintiff appears to challenge actions taken by judicial officers, prosecutors, criminal defense counsel, a private legal services organization, and county officials in connection with Plaintiff's criminal case in the California Superior Court for the County of San Bernardino. Dkt. No. 20. The Report

---

[1] The Court notes that footnote 3 of the Report contains the language "Error! Main Document Only." The Court understands this to be a clerical error and disregards it.

recommends the dismissal of the First Amended Complaint with leave to amend some, but not all, of Plaintiff's claims. Dkt. No. 107. Plaintiff's objections to the Report, Dkt. No. 111, do not merit any change to the Report's findings or conclusions.

Plaintiff objects that he did not consent to the jurisdiction of the Magistrate Judge. Dkt. No. 111 at 1. However, Plaintiff's "consent was not required for the magistrate judge to issue a non-dispositive report and recommendation." *Shao v. Roberts*, No. 22-15857, 2024 WL 1461953, at *1 (9th Cir. Apr. 4, 2024). And because Ellis has filed objections to the Report, this Court has reviewed *de novo* the parts of the Report that Ellis objected to.

Plaintiff objects that he did not receive a timely response to his "Motion to Show Cause – Life." Dkt. No. 111 at 1-2; *see also* Dkt. No. 58. In the Motion, Plaintiff requested that Defendants be ordered to show cause "why they have continued their actions against [Plaintiff's] living estate without verified jurisdiction or lawful authority." Dkt. No. 58 at 2. But Plaintiff did receive a response to this Motion, when the Magistrate Judge denied it without prejudice and informed Plaintiff that his allegations were addressed by the Report. Dkt. No. 109 at 3. The Report addressed Plaintiff's similar allegations of a lack of "jurisdictional authority" during his criminal proceeding, by finding that Plaintiff's allegations were barred by judicial immunity, were conclusory, and consisted mainly of legal conclusions. Dkt. No. 107 at 15, 29-30.

Plaintiff objects that the Magistrate Judge denied his motion for the unsealing of his certificate of live birth by using language relating to sovereign citizens. Dkt. No. 111 at 2. The Court agrees with the Magistrate Judge that the unexplained request is legally frivolous. Dkt. No. 109 at 4-5.

Plaintiff objects that he has an equitable claim. Dkt. No. 111 at 3. As the Report found, however, Plaintiff's claims for injunctive relief are barred by *Younger* abstention and the Anti-Injunction Act. Dkt. No. 107 at 8-11, 13-14.

Having conducted a *de novo* review, Plaintiff's Objections do not cause this Court to alter or modify the Report and Recommendation. Accordingly, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

The Court wishes to emphasize that the Court agrees with the Magistrate Judge and with Ellis that he should be permitted to amend his complaint. As part of the ruling on the Motions to Dismiss, therefore, the Court grants the request for leave to amend with respect to several claims:

- o Plaintiff's claims against Defendant Erik Hammett under 42 U.S.C. § 1983;
- o Plaintiff's *Monell* claim against Defendants San Bernardino County and Sheriff Shannon Dicus;
- o Plaintiff's remaining claims asserted in Counts I, II, IV, V, VI, VII, and VIII; and
- o Plaintiff's state-law claim for emotional distress;

Because the Court is granting leave to amend as part of its ruling on the Motions to Dismiss, the Court need not at this time consider the merits of the Plaintiff's Motion for Leave to File a Second Amended Complaint. Dkt. No. 92. Accordingly, Plaintiff's Motion for Leave to File a Second Amended Complaint, *id.*, is DENIED AS MOOT.

Ellis is advised that he will have thirty (30) days to file a new complaint or to request additional time to file one. The new complaint should only contain the claims listed below as "DISMISSED WITH LEAVE TO AMEND." And the new complaint must address the defects in the claims that were pointed out in the Report.

///

///

///

3

## II.    Conclusion

For the foregoing reasons, IT IS ORDERED that:

(1) Defendants' Motions to Dismiss are GRANTED (Dkt. Nos. 46, 48, 75, 90);

(2) Defendants Judicial Officers Shannon Faherty and Christopher Pallone's Request for Judicial Notice is GRANTED (Dkt. No. 49);

(3) Plaintiff's First Amended Complaint is DISMISSED as follows:

(a) Plaintiff's claims seeking declaratory or injunctive relief that would interfere with, enjoin, or invalidate the underlying state-court criminal proceedings are DISMISSED WITHOUT LEAVE TO AMEND pursuant to *Younger* abstention and the Anti-Injunction Act;

(b) To the extent Plaintiff seeks review of final state-court judgments, such claims are DISMISSED WITHOUT LEAVE TO AMEND under the *Rooker-Feldman* doctrine;

(c) Plaintiff's claims against Judicial Officers Faherty and Pallone are DISMISSED WITHOUT LEAVE TO AMEND as barred by absolute judicial immunity and Eleventh Amendment immunity;

(d) Plaintiff's federal claims against Defendant Daniel J. Fester arising from his prosecutorial conduct in Plaintiff's state criminal case are DISMISSED WITHOUT LEAVE TO AMEND as barred by absolute prosecutorial immunity, and Plaintiff's state-law malicious prosecution claim against Fester is DISMISSED WITHOUT LEAVE TO AMEND as barred by California Government Code § 821.6;

(e) Plaintiff's official-capacity claims for monetary damages against Defendant Fester are DISMISSED WITHOUT LEAVE TO AMEND as barred by the Eleventh Amendment;

(f) Plaintiff's claims for punitive damages against the County of San

Bernardino and against Defendant Fester in his official capacity are DISMISSED WITHOUT LEAVE TO AMEND as barred as a matter of law;

(g) Defendants Fester, Stephens, Anderson, and Inland Defenders are DISMISSED FROM THIS ACTION WITHOUT PREJUDICE until Plaintiff effectuates proper service;

(h) Plaintiff's claims against Defendant Erik Hammett under 42 U.S.C. § 1983 are DISMISSED WITH LEAVE TO AMEND for failure to allege state action or a cognizable constitutional violation;

(i) Plaintiff's *Monell* claim against Defendants San Bernardino County and Sheriff Shannon Dicus is DISMISSED WITH LEAVE TO AMEND for failure to allege a municipal policy, practice, or custom;

(j) Plaintiff's remaining claims asserted in Counts I, II, IV, V, VI, VII, and VIII are DISMISSED WITH LEAVE TO AMEND for failure to state a claim under Rule 8, Rule 9, and Rule 12(b)(6);

(k) Plaintiff's claim under 42 U.S.C. § 1986 (Count III) is DISMISSED WITHOUT LEAVE TO AMEND as derivative of the deficient § 1985 claim;

(l)  Plaintiff's state-law claim for emotional distress is DISMISSED WITH LEAVE TO AMEND for failure to comply with the California Government Claims Act;

(4) Plaintiff is GRANTED thirty (30) days from the date of this Order to file a Second Amended Complaint consistent with the Court's rulings;

(5) Plaintiff's Motion for Leave to File a Second Amended Complaint (Dkt. No. 92) is DENIED AS MOOT; and

(6) If Plaintiff fails to timely file a Second Amended Complaint, this Court may dismiss this action without further warning for failure to prosecute.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order herein

5

on Plaintiff at Plaintiff's current address of record, as well as all parties who have appeared in the action.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 30, 2026

_____
HON. MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT JUDGE

6